IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

|  |  |  |
|---|---|---|
| **LERON W. HUSBANDS,** Plaintiff, | * | |
| v. | * | Case No.: GJH-20-3618 |
| **FINANCIAL MANAGEMENT SOLUTIONS, LLC,** *et al.*, Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff Leron Husbands brings this civil action against Defendants Financial Management Solutions, LLC, Dreyfuss Management Services, LLC, and Jeffrey Hausfeld, alleging various claims stemming from Plaintiff's employment at FMS, including race discrimination, disability discrimination, and wage violations. ECF Nos. 2, 11-1, 24-1. Presently pending is Plaintiff's Motion for Leave to File a Second Amended Complaint, ECF No. 24. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons stated below, the Court will grant the Motion in part and deny it in part.[1]

---

[1] In light of the filing of the Second Amended Complaint, Defendant FMS and DMS's earlier filed Motion for a More Definite Statement, ECF No. 23, will be denied as moot. As Defendants note, ECF No. 25 at 6, the motion may be re-filed. The Court highlights, however, that a "Rule 12(e) motion for a more definite statement focuses on whether 'a party has enough information to frame an adequate answer[.]'" *State v. Exxon Mobil Corp.*, 406 F. Supp. 3d 420, 479 (D. Md. 2019) (quoting *Streeter v. SSOE Sys.*, No. 09-cv-1022-WMN, 2009 WL 3211019, at *10 (D. Md. Sept. 29, 2009) (internal quotations omitted)). "'The class of pleadings that are appropriate subjects for a motion under Rule 12(e) is quite small.'" *Id.*

1

I.  **BACKGROUND**[2]

Plaintiff Husbands has worked at Defendant Financial Management Solutions, LLC ("FMS") for more than 12 years. ECF No. 24-1 ¶¶ 1–2, 7. Plaintiff alleges that Defendant Dreyfuss Management, LLC ("DMS"), is the parent of FMS. *Id.* ¶ 3. Defendant Hausfeld is the former Managing Director of FMS. *Id.* ¶ 5. At all times relevant to this action, Plaintiff's primary duty was "to engage in the collection of debts through telephonic communications with debtors." *Id.* ¶ 7. Plaintiff alleges that during his tenure with FMS, he was subjected to discrimination based on race and disability, that he and other employees were unlawfully recorded, and that FMS committed wage and payment violations. *See generally* ECF No. 24-1.

On February 11, 2020, Plaintiff filed an EEOC Charge of Discrimination against FMS, which was cross-filed with the Prince George's County Human Relations Commission, containing the allegations added in the First Amended Complaint. *Id.* ¶ 36. On April 21, 2020, Plaintiff filed suit in the Circuit Court for Prince George's County against FMS, DMS, and Hausfeld alleging race discrimination, wiretapping and electronic surveillance, and Maryland wage violations. *See* ECF No. 2. DMS removed the action to this Court on December 15, 2020. ECF No. 1.

On December 28, 2020, Plaintiff filed a Motion for Leave to Amend Complaint, ECF No. 11. The First Amended Complaint proposed adding 15 claims to the three claims in the Original Complaint, alleging: failure to accommodate under the Maryland Fair Employment Practices Act, Md. Code Ann., § 20-606 of the State Government Article ("MFEPA"), Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*, as amended ("ADA"), Prince George's County

---

[2] Unless otherwise stated, the background facts are taken from Plaintiff's proposed Second Amended Complaint, ECF No. 24-1, and are presumed to be true. The Court engaged in a longer recitation of the background facts and procedure in its previous Memorandum Opinion. ECF No. 21.

Code §§ 2-185 *et seq.*, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 701, *et seq.* (Counts IV–VII); disability discrimination under those same four statutes (Counts VIII–XI); retaliation under those same four statutes (Counts XII–XV); violations of the Family and Medical Leave Act ("FMLA") for both interference and retaliation (Counts XVI & XVII); and violation of the Maryland Wage Payment & Collection Law ("MWPCL") (Count XVIII). *Id.*

On September 23, 2021, the Court partially granted Plaintiff's motion for leave to amend. ECF No. 22. The Court denied leave to amend as to Plaintiff's failure-to-accommodate claims (Counts IV–VII) without prejudice. The Court also denied leave to amend as to Plaintiff's FMLA interference claim (Count XVI) and his MWPCL claim (Count XVIII). The Court granted leave to amend as to the disability discrimination claims (Counts VIII to XI); the retaliation claims (Counts XII–XV); and the FMLA retaliation claim (Count XVII). The Court noted, however, that, while leave of Court was required to amend the Complaint as to Defendants FMS and Hausfeld, Plaintiff could file an amended complaint as of right against Defendant DMS because the motion for leave to amend was filed only six days after DMS answered the Complaint. ECF No. 21 at 5–6, n.4.

On October 7, 2021, Defendants DMS and FMS filed the Motion for More Definite Statement. ECF No. 23. Later that same day, Plaintiff moved for leave to file a Second Amended Complaint. ECF No. 24. The proposed Second Amended Complaint is substantially similar to the First Amended Complaint but adds allegations to Plaintiff's failure-to-accommodate claims (Counts IV, V, VI, VII). *See* ECF No. 24-1. The proposed Second Amended Complaint also includes two claims for which the Court previously found amendment to be futile: an FMLA interference claim (Count XVI) and a failure to provide notice of wage reduction claim under the MWPCL (Count XVIII).

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a)(2) provides that courts "should freely give leave" to parties to amend pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2). "This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). The Fourth Circuit has "interpreted Rule 15(a) to provide that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" *Id.* (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)); *see also Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 379 (4th Cir. 2012). "Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards," and would therefore not survive a motion to dismiss pursuant to Rule 12(b)(6). *Davison v. Randall*, 912 F.3d 666, 690 (4th Cir. 2019) (quoting *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011)).

To state a claim that survives a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The "mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012). The Court accepts "all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). The Court must also "draw all reasonable inferences in favor of the plaintiff." *Id.* at

253 (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)). "[B]ut [the Court] need not accept the legal conclusions drawn from the facts, and . . . need not accept as true unwarranted inferences, unreasonable conclusions or arguments." *Id.* (first alteration in original) (quoting *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008)).

### III. DISCUSSION

Rule 15 "'motions to amend are to be granted in the absence of a 'declared reason' 'such as undue delay, bad faith or dilatory motive . . . , repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party [or] futility of amendment, etc." *Ward Elecs. Serv., Inc. v. First Com. Bank*, 819 F.2d 496, 497 (4th Cir. 1987) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962)). As explained below, the Court will grant leave to amend as to the failure-to-accommodate claims. The Court will deny leave to amend as to the FMLA interference and the MWPCL claims.

#### A. Failure to Accommodate Claims (Counts IV, V, VI, VII)

Previously, in regards to Plaintiff's previous motion for leave to amend, this Court denied leave to amend as to Plaintiff's failure-to-accommodate claims under the MFEPA, Md. Code, § 20-606, the ADA, 42 U.S.C. §§ 12101 *et seq.*, Prince George's County Code §§ 2-185 *et seq.*, and the Rehabilitation Act, 29 U.S.C. §§ 701, *et seq.* ECF Nos. 21, 22. The Court explained that to prevail on an ADA failure-to-accommodate claim, a plaintiff must establish "'(1) that he was an individual who had a disability within the meaning of the statute; (2) that the [employer] had notice of his disability; (3) that with reasonable accommodation he could perform the essential functions of the position; and (4) that the [employer] refused to make such accommodations.'" ECF No. 21 at 8 (quoting *Rhoads v. F.D.I.C.*, 257 F.3d 373, 387 n.11 (4th Cir. 2001)). The Court explained that a "disability under the ADA is either 'a physical or mental impairment that substantially limits one or more major life activities' (the 'actual disability' prong), 'a record of

5

such an impairment' (the 'record' prong), or 'being regarded as having such an impairment' (the 'regarded as' prong)." *Id.* (quoting 42 U.S.C. § 12102(1); 29 C.F.R. § 1630.2(g)(1)(iii)). The Court also noted that the MFEPA, the Rehabilitation Act, and the Prince George's County Code use the same, or substantially similar, factors and standards. *Id.*[3]

Upon applying these standards to the proposed First Amended Complaint, the Court found that Plaintiff had failed to adequately allege that he has a disability and that the requested accommodations would have enabled him to perform the essential functions of the job. *Id.* at 10. The Court gave Plaintiff 14 days to file for leave to amend to correct the identified deficiencies. *Id.* at 11 n.7.

Now, in the proposed Second Amended Complaint, Plaintiff adds several paragraphs of allegations related to the failure-to-accommodate claims. *See* ECF No. 24-2 ¶¶ 23(A)–(G). Plaintiff alleges that he has a respiratory disability that "limits [] his major life activities of breathing, speaking, communicating, socializing, interacting with others, and working." ECF No. 24-1 ¶ 23(A). Plaintiff alleges that his disability "impairs the operation of the bodily function of his respiratory system" and that his essential function of speaking with debtors on the phone was "adversely impacted" because of his congestion, itchy eyes, and lethargy. *Id.* ¶¶ 23(B)–(D). Plaintiff alleges that he requested a reasonable accommodation of transferring the location of his work or removing the carpeting, as his workplace was covered in "musty, old carpeting" that exacerbated his respiratory disability. *Id.* ¶¶ 23, 23(G). Plaintiff alleges that other employees had a distinct advantage in performing their duties because they did not suffer from the same respiratory disability. *Id.* ¶ 23(F). Plaintiff alleges that he informed his employer of his

---

[3] The Court acknowledged that the MFEPA standard is slightly different, such that it lacks the "major life activity" requirement and defines "disability" differently, but that "'Maryland courts traditionally seek guidance from federal cases in interpreting Maryland's [FEPA]." ECF No. 21 at 8–9 n.6 (citing cases).

6

respiratory disability in March and again in April of 2019. *Id.* ¶ 23.[4]

Plaintiff has sufficiently addressed the deficiencies in the failure-to-accommodate claims in the proposed Second Amended Complaint. Moreover, Defendants have raised no objection to Plaintiff's proposed additions to these claims.[5] Thus, the Court finds that there is no bad faith, prejudice, futility, or any other reason to deny the Motion for Leave to Amend. *See Foman*, 371 U.S. at 182. The Court grants leave to amend as to Counts IV, V, VI, VII.

### B.  FMLA Interference Claim (Count XVI) and MWPCL Claim (Count XVIII)

Previously, when analyzing the proposed First Amended Complaint, the Court denied leave to amend as to Plaintiff's FMLA interference claim, 29 U.S.C. § 2615. The Court explained that to "'make out an 'interference' claim under the FMLA, an employee must thus demonstrate that (1) he is entitled to an FMLA benefit; (2) his employer interfered with the provision of that benefit; and (3) that interference caused harm.'" ECF No. 21 at 17 (quoting *Adams v. Anne Arundel Cty. Pub. Sch.*, 789 F.3d 422, 427 (4th Cir. 2015)). To show "interference" with an FMLA benefit, the Court explained that while a plaintiff need not show that the leave was denied, a "plaintiff still must show that the attempts to discourage him from taking advantage of his FMLA benefits were successful." *Id.* at 19 (citing *Vannoy v. Fed. Rsrv. Bank of Richmond*, 827 F.3d 296, 303 n.5 (4th Cir. 2016)). While Plaintiff had alleged that Defendants improperly reduced his pay and challenged why Plaintiff was taking leave, Plaintiff

---

[4] Plaintiff also references a back disability, ECF No. 24-1 ¶¶ 21, 28, but never makes any allegations regarding reasonable accommodations related to this disability. The allegations regarding Plaintiff's back are also identical to those in the First Amended Complaint. Thus, as the Court reasoned in the previous Memorandum Opinion, "although Plaintiff alleges that he has two disabilities—respiratory problems and a damaged disc in his back—Plaintiff does not indicate anywhere in the Amended Complaint that he was denied accommodations related to his back . . . Accordingly, the Court proceeds to analyze only the alleged failure to accommodate Plaintiff's respiratory difficulties." ECF No. 21 at 7.

[5] Defendant DMS only opposed amendment to Counts XVI and XVIII, ECF No. 25, and Defendants FMS and Hausfeld did not respond to this Motion.

did not allege that he would have acted differently in respect to his FMLA leave in the absence of that conduct. Therefore, the Court found that "Plaintiff has not alleged discouragement amounting to FMLA interference[.]" *Id.* at 20.

Additionally, the Court also denied leave to amend as to Plaintiff's MWPCL claim regarding Defendants' alleged failure to provide advance notice of pay reduction, Md. Code, Labor & Employment § 3-504. The Court explained that Section 3-504 does not provide a private right of action. ECF No. 21 at 22.

Now, in the proposed Second Amended Complaint, Plaintiff makes identical allegations regarding the FMLA interference and the MWPCL notification claims. *See* ECF No. 24-2. Plaintiff explains he has included these identical claims because the Court only denied amendment as to Defendant FMS, and Plaintiff was able to amend the original Complaint as of right as to Defendant DMS. *See* ECF No. 24-1 at 1 n.1; *see also* ECF No. 21 at 5 (the Court explaining that "Plaintiff may thus amend as of right against Defendant DMS[.]"). Thus, Plaintiff argues that all claims against DMS, including these two claims, are still live. ECF No. 24-1 at 1 n.1. Additionally, Plaintiff contends that not including these claims in the proposed Second Amended Complaint would be tantamount to a "voluntary dismissal or abandonment" of the claims—and a loss of appeal rights. ECF No. 27 at 4.[6] Finally, Plaintiff requests time to file for leave to amend these claims again should the Court deny amendment. *Id.* at 7 n.11.

The Court will deny leave to amend as to these two claims. As the Court explained previously, Section 3-504 of the MWPCL does not provide a private right of action.

---

[6] Defendant DMS cites to *Young v. City of Mount Rainier*, 238 F.3d 567, 572–73 (4th Cir. 2001), in which the Fourth Circuit explained that "if a claim is dismissed without leave to amend, the plaintiff does not forfeit the right to challenge the dismissal on appeal simply by filing an amended complaint that does not re-allege the dismissed claim." Plaintiff argues that claims were never dismissed as to DMS, and thus *Young* does not apply. ECF No. 27 at 6. The Court does not need to resolve this issue.

Additionally, in the proposed Second Amended Complaint, Plaintiff merely repeats the same allegations regarding the FMLA interference claim—allegations that the Court previously found insufficient to constitute actionable "discouragement" of FMLA leave. Thus, amendment is futile.

The Court also denies Plaintiff's request for additional time to file for leave to amend these two claims again. *See* ECF No. 27 at 7 n.11. Plaintiff has failed to correct the deficiencies in these two claims despite two opportunities to amend. Providing Plaintiff with yet another opportunity to amend these same claims will delay the action and prejudice Defendants. Additionally, any further amendment to the MWCPL notification claim would be futile given that there is no private cause of action.

### IV.     CONCLUSION

For the reasons above, the Motion for Leave to Amend is partially granted. Leave is denied as to Counts XVI and XVIII but granted as to all other claims. The Second Amended Complaint will be docketed as the operative complaint, subject to the caveats explained in this Memorandum. A separate Order follows.

Dated: July  12, 2022                                 /s/_____
                                                     GEORGE J. HAZEL
                                                     United States District Judge